FILED
U.S. DISTRICT COURT
W.D.N.Y BUFFALO

-PS-O-

2006 FEB -6  AM 11: 45

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PATRICK DOMBROWSKI, 04-B-0738,

        Plaintiff,

    -v-

SUPERINTENDENT,

        Defendant.

**DECISION and ORDER**
05-CV-664Sr

---

## INTRODUCTION

Plaintiff Patrick Dombrowki, an inmate of the Butler Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos. 2 and 4).  Plaintiff claims that the unidentified Superintendent of the Erie County Jail held him in custody between January 14, 2002, and May 10, 2002, two months beyond the time he should have been released for good time.  For the reasons discussed below, Plaintiff's request to proceed as a poor person is granted and the Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, Plaintiff is granted permission to proceed *in forma pauperis*.  Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this Complaint.  In evaluating a complaint, the Court must

accept as true all factual allegations and must draw all inferences in plaintiff's favor.  *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957);  *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."  *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).  Based on its evaluation of the Complaint, the Court finds that Plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) because they are barred the applicable statute of limitations for a claim under 42 U.S.C. § 1983.

As noted, Plaintiff alleges that he was held in custody at the Erie County Jail between January and May 2002, two months beyond what he should have served under his three month sentence.  He was arrested on January 14, 2002, and sentenced on May 10, 2002, upon a plea of guilty, to three months confinement.  (Docket No. 1, Complaint, Attachments).  He alleges that he should have been released after two months based on good time, but actually served four months upon his release in May 2002.

The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 in New York State is the three-year period provided for in New York's C.P.L.R. § 214(2).  *Owens*

*v. Okure*, 488 U.S. 235, 251, 109 S. Ct. 573, 582, 102 L. Ed. 2d 594 (1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990). In addition, federal courts are required to borrow New York's rules for tolling the statute of limitations unless the rules are inconsistent with federal law. *Board of Regents of University of State of New York v. Tomanio*, 446 U.S. 478, 487-491, 100 S. Ct. 1790, 1796-1799, 64 L. Ed. 2d 440 (1980). Plaintiff's Complaint, which was filed on August 31, 2005, *see Dory v. Ryan*, 99 F.3d 679 (2d Cir. 1999) (prisoner mail box rule), alleges that he was released, at the latest, on May 10, 2002. Based on this, it is apparent that the three-year time period during which Plaintiff could properly bring his claim expired three years after his release date. The Court finds no basis to toll the limitations period, *see* Article 2 of New York's C.P.L.R.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the Complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Further requests to proceed on appeal as a poor person should be

directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## **ORDER**

IT HEREBY IS ORDERED, that Plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the Complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated:  _____2/3_____, 2006
        Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge

4